The motion for a new trial is grounded upon a supposed misdirection of the judge below in directing the jury that they were warranted in presuming a grant from the circumstances given in evidence and from the admission of improper evidence to the jury. There were other points made in the case, but they have become unnecessary to be decided. The last of the points stated I will consider first. And upon this I am clearly of opinion the judge did right in leaving the facts of the possession in 1768 and 1769 to the jury, though there even was no connection proven between such possession and that under whom the defendant claimed; for, as against the State, it was a circumstance from which it might be inferred that the State had parted with its right, as well as if those in possession had been successive claimants from one another. The evidence offered in such a case was not to make a title in the defendants, but to oust the claim of the State. These possessions were circumstances, and nothing more, and entitled only to their weight with the jury. The possession, then from 1780 to 1814, with color of title and by a successive chain of conveyances, was also, for the same reason, proper evidence; and if the jury believed them, there was nothing in law which hindered them from presuming a grant; and this I understand to be the exposition of their being warranted in presuming a grant. The State, then, being stripped of all its claim, it consequently could convey nothing to the lessor of the plaintiff. The case being examined not on the improper ground of the finding of the jury, but for mistake in the court, it is not necessary to advert to all the circumstances which might have led them to the determination they made. But it has been insisted that although the land in question (574) were held by deeds ever since 1780, which, according to the boundaries called for, comprehended them, yet, as these boundaries were not known and visible, the possession under them can only be extended to actual occupancy or cultivation. But as to that, I hold the principle clear that the possession of every individual shall be deemed and held according to the extent of his deed, unless there be an actual adverse possession to countervail this presumption, or unless where it is rendered inefficient by the superior title; in which last case the law presumes him to be possessor who has the title. From this state of things it frequently happens that persons owning adjoining tracts, which lap upon each other, where neither is in the actual possession of the part covered by both conveyances, will be deemed in possession according to the title. The *Page 414 
possession of the part, therefore, under these conveyances, was in law, as much a possession of the whole as in a case where the boundaries were known and visible.
It is true, the Legislature has not thought proper to pronounce such a case as this a legal bar against the State, as they have done where the boundaries were known and visible, but have left it, as before the act, to depend upon its own circumstances. I cannot, therefore, assent to the proposition contended for, that this act is to be considered as a repeal of the common law.